IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| STACI M. DAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number |
| | ) 00-C-1235-W |
| H. JOSEPH FALGOUT, M.D., and | ) |
| SURGICAL SPECIALISTS OF ALABAMA, P.C., | ) |
| | ) |
| Defendants. | ) |

03 JUN 25 PM 3: 38

DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 2 5 2003

**CORRECTED**
**MEMORANDUM OPINION ON DEFENDANTS' POST-TRIAL MOTION**

Defendants have moved for a new trial or, in the alternative, a remittitur.

I. Compensatory Damages

On consideration of the evidence at trial, the Defendant's post-trial motion, briefs and arguments in support thereof and opposition thereto, the Court finds and concludes that the jury's compensatory damages award was excessive.

Plaintiff's physical pain and suffering, together with her mental anguish, were considerable. That much is evident by medical bills in excess of $ 50,000. The pain and stress caused by the Defendants' negligence is now a closed chapter in the life of this talented young plaintiff. The Court finds that an award in the range of $ 400,000 - $ 500,000 is justified by the facts and circumstances shown by the evidence. *See, Bogle v. McClure,* ___ F.3d ___, 2003 WL 21297118 (11th Cir.3003).

Therefore, unless Plaintiff agrees to a remittitur in the amount of $ 500,000, the Court will grant the Defendants' Motion for A New Trial.

95

2. Punitive Damages

Based on the testimony of one of Plaintiff's own experts, while an award of punitive damages may probably be justified, it is not justified by clear and convincing evidence. It is without dispute that physicians sometimes confuse pelvic inflammatory disease with appendicitis. Defendant Falgout's negligence resulted in his failure to consider the "tell-tale" signs of appendicitis. However, the evidence does not clearly and convincingly establish that he displayed a reckless or conscious disregard for Plaintiff's safety and well-being.

Thus, the award of punitive damages cannot stand. The Defendant's motion to set it aside will be granted.

Done this ___25th___ day of June, 2003.

Chief United States District Judge
U.W. Clemon